**CALVERT et al. v. JOHNSON et al.**

**No. 10022.**

Court of Civil Appeals of Texas. Austin.

Feb. 27, 1952.

Price Daniel, Atty. Gen., W. V. Geppert and L. P. Lollar, Assts. for appellant.

Smith & Steakley by Zollie C. Steakley, Austin, Phinney, Hallman, Reed & Holley, Carl Phinney and Leroy Hallman, all of Dallas, for Herrin Petroleum Transport Co.

A. M. Felts, Austin, for Bill C. Robinson.

ARCHER, Chief Justice.

This is a suit for declaratory judgment by M. S. Johnson, et al, against the Comptroller of Public Accounts, the Attorney General and the Secretary of State in their official capacities and as members of the State Tax Board for a construction of Section 1(a), Article XIV, Chapter 184, Acts of the 47th Legislature, 1941, page 269, codified in Vernon's Civil Statutes as Article 7066b, and Article XIII, Chapter 184, Acts of the 47th Legislature, 1941, page 269, as

amended, codified in Vernon's Civil Statutes as Article 7105, and specifically the construction of the exemption provision of Article 7066b, V.C.S., and the exemption contained in Article 7116, V.C.S., in the determination of plaintiffs' taxable liability under the two foregoing articles of the 1941 act, commonly known as the Omnibus Tax Bill. Plaintiffs' pleading is sufficient to invoke the jurisdiction of the Court in the form of a declaratory judgment of plaintiffs' rights under Article 7066b, V.C.S., and Articles 7105, 7116, V.C.S. For convenience we shall hereafter refer to these articles by their codified number in Vernon's Civil Statutes in lieu of the designated articles as they appear in the 1941 act. There is also involved the construction of Article 7066c, V.C.S., passed by the 51st Legislature, temporarily increasing the rate of the tax, which expired August 31, 1951. This statute is in the same language as Article 7066b, V.C.S., and will bear the same construction as Article 7066b, V.C.S. R. T. Herrin Petroleum Transport Company and Bill C. Robinson intervened in the suit and occupy the same position as plaintiffs by pleading, stipulation, and judgment of the court, and they invoke the same construction of the statutes involved as contended for by plaintiffs.

The case was tried before the court without a jury upon an agreed statement of facts and judgment rendered for plaintiffs and intervenors, appellees here, substantially as pleaded and prayed for.

The appeal is based on seven assignments of error.

Point No. 1 is that the court erred in construing the exemption provision in Article 7066b, V.A.C.S., as sufficient to exempt plaintiffs from the payment of the gross receipts tax, regardless of the provisions of Article 7116, V.A.C.S.; Point No. 2 is that the court erred in failing to construe the exemption provision of Article 7066b and Article 7116 together in determining the liability of plaintiffs for the gross receipts tax, or relief therefrom; third, that it was error for the court to hold that it was the legislative intent in Article 7066b to exempt the carriers from its provisions

if they are required to pay an intangible assets tax, and that this exemption is not lost if they fail to pay the intangible assets tax in one or more of all counties to which apportionment has been made before February 1st of the succeeding year, at which time said tax if not paid, becomes delinquent and in holding that Article 7116 has no application; the fourth point is that it was error to hold that plaintiffs are exempt from the provisions of Article 7066b, although it was stipulated that they were delinquent in one or more of the counties in the payment of intangible assets tax for the corresponding year for which gross receipts tax is demanded; and fifth, the error of the court in holding that its judgment is not contrary to the holding of this Court in the case of Texas Consolidated Transportation Co. v. State, Tex.Civ.App., 210 S.W. 2d 891 (error ref.), and that the decisions in said case is not determinative of the question in this case.

The first five points are treated together by the appellants under one statement and are argued together; all counterpoints are presented and argued together, and we shall consider them in like manner.

The overall question is: Are the appellees exempt from the payment of the gross receipts tax under the provisions of the statute? An answer to this query requires a discussion of the applicable statutes and cases bearing thereon.

Article 7066b, Art. XIV of the 1941 Omnibus Tax Law, V.A.C.S., which imposes a gross receipts tax of 2.2% for transportation of freight over the highways and subjected motor and bus carriers to the payment of a tax on intangible assets and properties, and also made certain of such classes subject to the occupation tax based on their gross receipts, and concludes with the following sentence: "Provided, however, carriers of persons or property who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act."

Article 7105, V.A.C.S., as amended by the 1941 act imposes an intangible assets tax upon each common carrier motor carrier operating under a certificate of commerce

and necessity issued by the Railroad Commission of Texas, doing business wholly or in part within this State—in addition to the ad valorem taxes on tangible properties—shall pay an additional tax to the State,—which additional tax shall be assessed—in the manner provided in Chapter 4, Title 122, R.C.S. of Texas, 1925. The county or counties in which such taxes are to be paid—shall be determined in accordance with said Chapter 4.

Article 7116 is a part of Chapter 4, and is as follows: "Whenever any individual, company, corporation or association, embraced within the eighth article of this chapter, shall pay in full, and within the year for which same may be assessed, all its State and county taxes for that year upon all its intangible properties as determined, fixed and assessed under the provisions of this chapter, such individual, company, corporation or association shall thereby be relieved from liability for and from payment of any and all occupation taxes measured by gross receipts for or accruing during that year under any law of this State; but no such individual, company, corporation or association shall be entitled to any such exemption, except for the year for which it shall, before same shall become delinquent, pay all its aforesaid, intangible State and county taxes for that year."

· Appellees plead that they are subject to and required to pay by Article 7105 the intangible assets tax, and that they were delinquent in the payment of such tax in one or more of the counties for which gross receipts tax was demanded under Article 7066b.

The appellees take the position that they are exempt from the payment of the gross receipts tax provided in Article 7066b because of the exemption provision in said article, regardless of any delinquency in the payment of intangible taxes in one or more of all counties in which assessed, and that Article 7116 has no application.

The appellees contend that it was the legislative intent that the exemption from the gross receipts tax provided in Article XIV of the 1941 Omnibus Tax Law was not subject to the additional conditions in Article 7116, and that since motor bus companies and motor carriers were not subject to either the intangible assets tax or the occupation tax based on gross receipts at any time until the enactment in 1941 of Articles XIII and XIV of the Omnibus Tax Law, Vernon's Ann.Civ.St. arts. 7105, 7066b, and further since the statute is complete within itself, and contains its own complete exemption provision and cannot be considered as incorporating Article 7116 by reference, and that such carriers who are required to pay an annual tax on their intangible assets are exempt from the occupation tax based on their gross receipts.

The appellants cite Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co., 142 Tex. 630, 180 S.W.2d 906, 909, and other cases passing on the rule construing legislative intent.

The appellants contend that Article 7066b is not sufficient to exempt plaintiffs from the payment of gross receipts tax in view of the provision of Article 7116, and that it was not legislative intent to exempt carriers of persons and property from the provisions of the statute, if such exemption is lost by failure to pay the intangible tax in one or more counties; and that the plaintiffs are actually delinquent in one or more of the counties in the payment of intangible assets tax.

The appellants say that the judgment in this case is contrary to and in conflict with the holding of this Court in the case of Texas Consolidated Transportation Co. v. State, Tex.Civ.App., 210 S.W.2d 891 (writ ref.) and that the holding by this Court is determinative of the question in this case. Appellants further say that statutes are not ambiguous and that departmental construction is immaterial, and especially so in view of the construction of the statutes in the Consolidated case, supra.

Article 7066b, V.A.C.S., is in part as follows: "(a) Each individual, partnership, company, association, or corporation doing business as a 'motor bus company' as defined in Chapter 270, Acts Regular Session of the Fortieth Legislature, as amended by the Acts of 1929, First Called Session of the Forty-first Legislature, Chapter 78, or as 'motor carrier' or 'contract carrier' as defined in Chapter 277, Acts Regular Session

of the Forty-second Legislature, over and by use of the public highways of this State, shall make quarterly on the first day of January, April, July, and October of each year, a report to the Comptroller, under oath, of the individual, partnership, company, association, or corporation by its president, treasurer, or secretary, showing the gross amount received from intrastate business done within this State in the payment of charges for transporting persons for compensation and any freight or commodity for hire, or from other sources of revenue received from intrastate business within this State during the quarter next preceding. Said individual, partnership, company, association, or corporation at the time of making said report, shall pay to the State Treasurer an occupation tax for the quarter beginning on said date equal to two and two tenths (2.2) per cent of said gross receipts, as shown by said report. Provided, however, carriers of persons or property who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act."

Article 7105, V.A.C.S., as amended, in part is as follows: "Each incorporated railroad company, 'ferry company, bridge company, turnpike, or toll company, oil pipe line company, and all common carrier pipe line companies of every character whatsoever, engaged in the transportation of oil, and in addition each 'motor bus company,' as defined in Chapter 270, Acts, Regular Session of the Fortieth Legislature, as amended by the Acts of 1929, First Called Session of the Forty-first Legislature, Chapter 78, and each 'common carrier motor carrier' operating under certificates of convenience and necessity issued by the Railroad Commission of Texas, doing business wholly or in part within this State, whether incorporated under the laws of this State, or of any other State, territory, or foreign country, and every other individual, company, corporation, or association doing business of the same character in this State, in addition to the ad valorem taxes on tangible properties which are or may be imposed upon them respectively, by law, shall pay an annual tax to the State, beginning with the first day of January of each year, on their intangible assets and property, and local taxes thereon to the counties in which its business is carried on; which additional tax shall be assessed and levied upon such intangible assets and property in the manner provided in Chapter 4, Title 122 of the Revised Civil Statutes of Texas, 1925. The county or counties in which such taxes are to be paid, and the manner of apportionment of the same, shall be determined in accordance with the provisions of Chapter 4, Title 122 of the Revised Civil Statutes of Texas, 1925. The intangible taxable values of said motor bus companies and said common carrier motor carriers shall be apportioned to the counties in or through which they operate in proportion to the distance in miles of the highways traversed by said carriers in each respective county. Provided, however, that Electric Interurban Railway Corporations are exempt from the provisions of this Article."

The intangible tax is an ad valorem tax and is payable annually and is collected by the County Tax Assessor-Collector of each county to which said tax is allocated. The State Tax Board makes the assessment of intangible assets tax, and regular ad valorem tax assessments are made by the County Assessor, and both assessments when made are placed on the County Tax Collector's rolls and the collection thereof is identical.

Article 7116, supra, provides that whenever any individual, etc. "embraced within the eighth article (7105) of this chapter, *shall pay in full,* and *within the year* * * * all its State and county taxes * * * upon *all* its intangible properties * * * such individual . * * * *shall thereby be relieved from liability* for and from * * * all occupation taxes *measured by gross receipts* for * * * *that* year * * *; but no such individual * * shall be entitled *to any such exemption,* except for the year for which it shall, *before same shall become delinquent,* pay *all* its aforesaid * * * taxes for *that* year." (Emphasis ours.)

We believe that the trial court was in error in construing the statute, article 7066b as sufficient to exempt appellees from the

payment of the gross receipts tax, regardless of the provisions of Article 7116, and that our decision here is in accord with the holding of this Court in Texas Consolidated Transportation Co. v. State, Tex.Civ.App., 210 S.W.2d 891 (error ref.), which makes it of equal dignity with opinions of the Supreme Court, and we believe controlling in the present case.

The same statutes are involved and similar issues were raised in this appeal as were in the Consolidated case, with the exception of the question of delinquency, but the court held, and properly so, "that relief from liability for the gross receipts tax is absolutely conditioned upon the payment of an intangible assets tax for the year during which such relief is sought," and further that: " * * * a taxpayer subject to both an intangible assets tax and a gross receipts tax should not necessarily be required to pay both at the ame time or for the same period, but that relief from liability for the gross receipts tax is absolutely conditioned upon payment of an intangible assets tax for the year during which such relief is sought."

In our opinion the statutes are unambiguous and in view of the holding in the Consolidated case, supra, any departmental construction becomes immaterial.

The judgment of the trial court is reversed and declaratory judgment here rendered in accordance with the views expressed herein.